Case number 21-5303, Adil Mohamed Abuzeid, MD and Melissa Ann Abuzeid, at balance, versus Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security, et al. Mr. Schmidt, for the balance. Ms. Holsterberg, for the appellees. Thank you, Mr. Schmidt. We are ready when you are. Good morning, your honors. May it please the court, Brian Schmidt, on behalf of the appellants. The central question on review in this case is whether 8 U.S. Code 1252A2B prohibits judicial review of an affirmative adjustment of status application. Or said denial is based on misapplication and or misapplication or misinterpretation of another federal statute. In this case, 8 U.S. Code 1182B. By way of background, Dr. Adil Abuzeid entered the United States in J1 visa status to complete a medical residency. On admission, he became subject to a requirement to return to his home country of 2 years. In this case, there are 2 home countries, the United Kingdom and Saudi Arabia. The 2 year foreign residence requirement creates 4 legal disabilities that do not go away until the applicant changes or fulfills the requirement. Or obtains a waiver of the requirement and 1 such disability. Is on an application for adjustment of status or for permanent residence status in the United States, also known as a green card application. In this case, the U.S. CIS Denied 2 adjustment of status applications for 1, the fulfillment of the 2 year foreign residence requirement for 2 separate reasons. The 1st reason is the government held his trips to the United Kingdom and Saudi Arabia were too short to comprise residence. So, 8 U.S. Code 1182E requires. For fulfillment residence and fiscal presence for an aggregate. Before you get in too far into the detail, you have a limited amount of time. The 1st question is that illegal when why doesn't the tail? The Supreme Court exclude what you're asking us to do here. Yes, sir. So that that so the recent to tell decision out of the Supreme Court does not actually apply to this case because the court explicitly held. That in an affirmative adjustment of status application. Is not subject to withholding only applications and removal proceedings where relief is sought. What was before the Supreme Court in the tail? What was before the Supreme Court in the tail is whether this statutory provision 8 U.S. Code 1252. A to B includes judicial review of. Discretionary determinations in the removal context where relief is sought. Was that in a removal context in Patel? I'm sorry. Was that in a removal context in Patel? Yes, your honor. He was he was put into removal proceedings and removal order was issued. In that case, but the status for interpreting here, doesn't it say, regardless of whether the judgment. Decision or action is made in removal proceedings. Yes, your honor. So that is 1 of the government's arguments, you know, the, the statutory language. And I would say that that's a strange reading of the statute in that it disregards the title of the statute. That's for a provision. Judicial review of orders of removal is not that is not the way we read statutes. I'm sorry I said that is not the way we read statutes. Well, it's not just the title your honor. The word relief is actually used and 3 locations. Judge Pan read you the language of the statute. We never allow a title to overcome plain language in the statute. So. It's it's additionally in the text and 2 other locations relevant to to this question. So. It's the word relief is in the word in the title. It's also in the subtitle of this particular provision. And there's also there's another reword that may be a problem or in the regarding. In the statute in the Supreme Court was defined very broadly. Wasn't. So, regardless of whether the judgment decision or action is regarding is defined in the Supreme Court decision. Is including anything leading up to or. Did you go to justice course that you stand as a good deal with dismantling it, but that's a descent. It doesn't matter. Any judgment regarding the right? And so there's a distinction between adjustment of status application in the context of remove proceedings. And that relief is inherently being saw it, whereas in an affirmative adjustment of status application. There's no relief. It's actually an affirmative benefit application. U. S. C. I. S. is a benefits granting agency. I guess the issue is whether. That distinction matters when the statute explicitly says, regardless of whether the judgment decision or action is made removal proceedings, no court shall have jurisdiction to review. Any judgment regarding the granting of relief under section 1255. Is that the only basis in which you try to distinguish Patel? The fact that was removal proceeding this is not. Oh, no, your honor, we have, we have certain decisional. Of 4 circuits prior to Patel have actually. All that you can't get judicial review in this context when you're looking at prior to Patel, Patel doesn't explicitly overrule any of those circuit decisions because it did not apply to. Anything outside of removal proceedings. It's very important doesn't necessarily go outside his immediate case to. Explicitly overruled issues that it counts. So, when the Supreme Court held, you know, this is. This is only applying to in the context of removal. I mean, it's explicitly and expressly said that and went on to say that we're not doing this and they also said that. Uh, the holding a majority of ruling and Patel said may have intended to foreclose review. When it comes to any other case, such as in this variety. And if you look at prior Supreme Court precedent and Congress holder, a 9 to 0 decision where they actually employed. Statutory construction prescribed by the Supreme Court in Congress holder. But there's a presumption of judicial review of when there's administrative action, and it takes clear and convincing evidence to dislodge that presumption. Presumably a statutory. Bar, I'm sorry. There's a statutory provision here that forecloses it. So it does not take that outside of the context in which you're referring. No, this is actually interpreting Congress older interpreted the neighboring provision of the statute saying we required clear and convincing evidence. And the provision they're interpreting is actually broader. In the provision that issue in this case, and they said they required clear and convincing evidence. And what the court is held and Patel is may have intended to foreclose. So, that's like, very far away from clear and convincing evidence. Um, the dissent actually went on. So, uh, the majority opinion in Kukana actually, or I'm sorry, Patel. Said that Kukana's rule was in opposite. In, uh, in deciding the case and the dissent. Actually pointed out that employing principles of statutory construction that there absolutely is an implication that review should be held. And in case of this variety, so he looked at the statute, statutory language, and he looked at the ruling of Kukana and said, there should actually be in this kind of case. Additionally, let me add that the federal government has been inconsistent. And their position on this issue, they actually advocated for in Patel. That this kind of question would be subject to judicial review. No, I understand that, but then Patel. Yes, sir. Thank you. Any other questions. All right, thank you very much. We'll give you a minute. Silence. Silence. Silence. Your honors may please the court Carol Halster Berg on behalf of the United States. The district court audit, right? The district court correctly. Read the plain language of the statute at issue 1252. And found that in cases such as this, yes, denial and adjustment of status application. Is unrevealed and then the talent. And as a palate, even concedes Patel has. Had a great impact on the different definitions of terms that are an issue in a case such as this. The question of what judgment means has been defined by Patel. The question of what the term any means has been defined by Patel. And the definition of what regarding means has also been defined by Patel such that the broad scope of Patel. Applies here Patel's reasoning equally applies in cases such as this. Regarding the denial of an adjustment of status application by USC. Looking to the language in the plain text of. 1252 a to be 1 as this court noted itself that that states, it's regardless of whether the judgment decision or action is made and removal proceedings. That's the case here and be 1 states that any judgment regarding the granting of relief. Under section 1255, which is also the case here. Dr. Dr. application was denied pursuant to 12. Sounds pretty straightforward. I think I understand your position. You have anything to add please feel free. Otherwise, I'd be trying to rest on your briefs. Nothing further to add. Thank you very much. We'll give you 1 minute. Mr. Schmidt if you want to. To give us any closing thoughts, thank you. Your honor. So, just going back to the text of the statute, you know, we have the title removal orders. Denials of discretionary relief, and then all of the text and then point 1 and then 8 US code 1255. And in an affirmative adjustment of status application, there is no relief that's being sought. It's a benefit application. Moreover, there's no review under the statute. There's no administrative review. There's no what the government's arguing here is there's no judicial review. But in the context of removal proceeding, there's a channel. So, we have review in the board of immigration deals, followed by. Particular circuit courts of appeal with petitions for review and then discretionary with the Supreme Court. And as such, we would argue this, especially given the fact that tell did not hold that the holding applies to this kind of case and it only applies to removal. Proceedings may expressly said, so we would ask that the court find that the issue of review ability remains open for this court to decide and that the decisions. And the circuits on the decisional law cited in support of our. Application or have not actually been overruled. And for these reasons, we ask that we respectfully request the reversal of the district courts ruling. Thank you very much Mr. Schmidt case is submitting.
judges: Pan, Sentelle, Tatel